UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL DIONISI,

    Plaintiff,

v.                                                 Case No. 05-74288
                                                  Honorable Patrick J. Duggan

BOB SAKS DODGE, INC., BANK
OF AMERICA, and TERRI LYNN LAND,
in her official capacity as Secretary of State,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

        This lawsuit arises from Plaintiff's attempt to purchase a 2003 Dodge Durango from Defendant Bob Saks Dodge, Inc. ("Bob Saks") in August 2005, and Plaintiff's eventual receipt of a 2002 Dodge Durango in its place for which Plaintiff alleges she has been unable to obtain a new registration from Defendant Terri Lynn Land, Michigan's Secretary of State ("Secretary"). Plaintiff also alleges claims against Bob Saks and Defendant Bank of America arising from her attempt to obtain financing for the 2003 Durango and her receipt of financing for the 2002 Durango. Presently before the Court is the Secretary's Motion to Dismiss or in the Alternative for More Definite Statement, filed

1

December 19, 2005, and Bob Saks' Motion to Dismiss and Compel Arbitration filed January 6, 2006.

This Court sent a notice to the parties on December 19, 2005, indicating that the Secretary's motion to dismiss had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." On February 1, 2006, this Court sent an additional notice to the parties, informing them that it was dispensing with oral argument with respect to the Secretary's motion to dismiss and Bob Saks' motion to dismiss. Despite these notices, Plaintiff has not responded to the pending motions.

### The Secretary's motion to dismiss or, in the alternative, motion for more definite statement

The Secretary seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the complaint fails to state a claim upon which relief can be granted. Specifically, the Secretary argues that Plaintiff alleges a taking in violation of the United States Constitution, but fails to describe what was taken. The Secretary also contends that Plaintiff seeks money damages, a remedy against the State which is barred by the United States Constitution. Finally, the Secretary argues that she is entitled to immunity as she is a State official being sued in her official capacity.

The Eleventh Amendment to the United States Constitution grants the states absolute immunity from suits brought by individuals in federal courts. *Edelman v.*

*Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). The Amendment also immunizes agencies which act as an arm of the state, *see Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381-82 (6th Cir. 1993), and state officials sued in their official capacity for money damages. *Ernst*, 427 F.3d at 358 (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 623, 122 S Ct. 1640 (2002) and *Edelman*, 415 U.S. at 664-66, 94 S. Ct. 1347). There are exceptions to these general rules, however.

Immunity may be waived by state or federal legislation. *Ernst*, 427 F.3d at 358-59 (citations omitted). Additionally, immunity does not apply if the individual is suing a state official for purely injunctive relief. *Id*. at 358 (citing *Ex Parte Young*, 209 U.S. 123, 155-56, 28 S. Ct. 441 (1908)). None of these exceptions apply in this case. Plaintiff fails to identify any waiver of the State's immunity and she only is seeking money damages. The Court therefore concludes that Plaintiff's claim against the Secretary (Count XIV) must be dismissed.

**Bob Saks' motion to dismiss and compel arbitration**

Bob Saks contends that Plaintiff's claims against it must be dismissed pursuant to the Arbitration Agreement executed during Plaintiff's transactions with the dealership. The first paragraph of the Arbitration Agreement states:

> The parties to this transaction agree and understand that any claim or dispute between them or against any agent, employee, successor, or assign of the other, whether related to this Agreement or otherwise, or regarding the relationship or duties contemplated under this Contract, including the validity

> of this Arbitration Clause, shall be resolved by binding arbitration through the National Arbitration Forum, under the Code of Procedure then in effect. This Agreement is freely and voluntarily entered into and shall be legal and binding to the effect enforceable by law.

*See* Bob Saks' Mot. Ex. A. Plaintiff and a representative of Bob Saks signed the Arbitration Agreement on August 22, 2005. The agreement is a single page document, contained on a separate page from any other documents or agreements between the parties, and is printed in normal-sized type.

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2002)(quoting 9 U.S.C. § 2). The FAA reflects Congress' "declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 972, 941 (1983). A "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, 121 S. Ct. 513, 522 (2000). The party resisting arbitration also bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue. *Id.* at 92, 121 S. Ct. at 522.

Clearly Plaintiff and Bob Saks agreed to arbitrate any dispute between them, including a dispute as to the validity of the Arbitration Agreement. Thus the Court finds that the scope of the agreement encompasses Plaintiff's pending claims. Plaintiff has not

set forth any reason why this Court should not enforce the Arbitration Agreement. The Court therefore concludes that Plaintiff's claims against Bob Saks are subject to arbitration and must be dismissed.

Accordingly,

**IT IS ORDERED**, that Defendant Terri Lynn Land's Motion to Dismiss is **GRANTED** and Plaintiff's claim against Defendant Land (Count XIV) is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that Defendant Bob Saks Dodge, Inc.'s Motion to Dismiss is **GRANTED** and Plaintiff's claims against Defendant Bob Saks (Counts I-XII) are **DISMISSED WITH PREJUDICE**.

    s/PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

Copies to:
Ian B. Lyngklip, Esq.
Kevin L. Francart, Esq.
Oliver P. Langford, Esq.
Joseph H. Hickey, Esq.